David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Suite 460
Phoenix, AZ 85016
(602) 265-3332
(602) 230-4482

Attorneys for Plaintiff
Steven Patsy

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Patsy<br><br>                    Plaintiff,<br><br>v.<br><br>Assigned Credit Solutions, Inc.<br><br>                    Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
Phoenix, Arizona

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.   Steven Patsy, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Assigned Credit Solutions, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.   Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6.   Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

7.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9.   Because Defendant does business within the State of Arizona, personal jurisdiction is established.

10.  Venue is proper pursuant to 28 U.S.C. § 1391.

11.  At all times relevant, Defendant conducted business within the State of Arizona.

**PARTIES**

12.   Plaintiff is a natural person who resides in the City of Maricopa, State of Arizona.

13.   Defendant is located in the City of Cherry Hill, in the State of New Jersey.

14.   Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.   Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

16.   Sometime before January 2011, Plaintiff is alleged to have incurred certain financial obligations.

17.   These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18.   Sometime thereafter, but before January 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

19.   Subsequently, but before January 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20.   On or about January 2011, Defendant began calling Plaintiff's relatives, third parties, as that phrase is anticipated by 15 U.S.C. §1692c(b), and disclosed information surrounding Plaintiff's alleged debt. These calls were a "communication" as 15 U.S.C. §1692a(2) defines that term.

21.   These communications to a third party were without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably

necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.   These communications to third parties was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

22.   Defendant would also call third parties on more than one occasion.

23.   Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3).

24.   Upon learning that his personal business was being disclosed to third parties, Plaintiff called Defendant.

25.   This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26.   During this phone conversation, Plaintiff requested that Defendant stop calling his family members. In response Defendant's agents stated that they could call whoever they wanted to.

27.   Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

28. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

29. During this conversation, Defendant's agent Chris Bradley repeatedly called Plaintiff a "deadbeat," and threatened to continue to disclose the debt to Plaintiff's brothers.

30. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

31. Through this conduct, Defendant used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader. Consequently, Defendant violated 15 U.S.C. § 1692d(2).

32. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

33. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

34. Plaintiff eventually ended the call.

35. During this same time period, Defendant called Plaintiff on at least two occasions leaving messages failing to identify their company or informing Plaintiff that they were attempting to collect a debt.

36. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity.   Consequently, Defendant violated 15 U.S.C. § 1692d(6).

37. Through this conduct, Defendant failed to disclose in subsequent communications that the communication was from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

38. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//

//

//

//

//

HYDE & SWIGART
Phoenix, Arizona

41.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: July 12, 2011                    By: _/s/  David J. McGlothlin___
                                       David J. McGlothlin
                                       Attorneys for Plaintiff

**HYDE & SWIGART**
Phoenix, Arizona